**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **GRANGE MUTUAL CASUALTY CO.** | ) | **CASE NO.1:15CV2394** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OPTIMUS ENTERPRISES, INC.** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Optimus Enterprises, Inc's Motion to

Dismiss (EFC #5). For the following reasons, the Motion is granted and Plaintiff's Complaint

is dismissed without prejudice.

**I. BACKGROUND**

On November 13, 2013, a fire broke out at the property located at 4681 W. 147th St

("property"), Cleveland, Ohio, causing $90,000.00 of damage to the property.  At that time,

Plaintiff, Grange Mutual Casualty Co., was the insurer, assignee and subrogee of David

Kirby, landlord and owner of the property.  In keeping with its policy of insurance, Plaintiff

made payments to and on behalf of Kirby in the amount of $90,000.00 and became

subrogated to that amount.

At the time of the fire, Kimberly Hoskins was a tenant of Kirby at the property. Hoskins was the owner of an Optimus Infrared Quartz Radiant Heater, model H-5210 or H-5211 ("heater") at the time of the fire and used the heater at the property. The heater was designed and manufactured by defendants Optimus Enterprises and/or Donuggan Honghua Manufacturing Ltd. This model of heater was recalled by the United States Consumer Products Safety Commission on May 15, 2013.

Plaintiff filed its Complaint on October 14, 2015 in the Court of Common Pleas, Cuyahoga County, Ohio. On November 23, 2015, Defendant, Optimus Enterprises, removed the case to federal court based on the diversity of the parties. On November 24, 2015, Defendant filed a Motion to Dismiss, or in the alternate, a Motion for a More Definite Statement. Plaintiff filed a Brief in Opposition to the Motion to Dismiss on December 9, 2015. Defendant filed a Reply in support of the Motion to Dismiss on December 21, 2015.

Plaintiff alleges that the heater failed due to defective and faulty component parts within the heater, causing the fire damage to the property. Specifically, Plaintiff asserts that the heater was defective in manufacture and/or construction, as described by O.R.C. §2307.74, that the heater was defective in design or formulation, as described by O.R.C. §2307.75, that the heater was defective due to inadequate warning or instruction, as described by O.R.C. §2307.76 and that the heater failed to conform to the representations and/or warranties made by Defendant, as described by O.R.C. §2307.77.

Defendant moves for dismissal for failure to state a claim upon which relief can be granted for all four of Plaintiff's claims. Defendant also moves, in the alternate, for a more

definite statement.


## II. LAW AND ANALYSIS

### A. Standard of Review

Fed. R. Civ. P. 8(a) requires that a complaint must contain a "short and plain statement of the claim, showing that the pleader is entitled to relief."  The United States Supreme Court explained this standard in *Bell Atlantic Corp. V Twombley*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  In *Twombley,* plaintiffs alleged that two telecommunication companies were acting to restrain trade by conspiring to increase service rates.  The defendants moved to dismiss for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to allege an agreement between the defendant parties, and that absent such an agreement, their behavior was merely independent parallel conduct, which was not prohibited under the Sherman Antitrust Act.  In its opinion granting the motion to dismiss, the Supreme Court held that:

> ...while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Id.* at 1965.  The Court further held that asking for plausible grounds to infer a right to relief does not impose a probability requirement to the pleadings; rather it asks for enough factual allegations to create a reasonable expectation that discovery will reveal enough evidence to

prove a right to relief. *Id.*

The Court elaborated on *Twombley's* holding in *Ashcroft v Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), holding first that, while a court must treat all factual allegations as true, the court is not obligated to offer similar treatment to legal conclusions.  The court states that "threadbare recitals of threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Next, the Court held that only those complaints that state a plausible cause of action should survive a motion to dismiss.  *Id.* at 1950.  The Court later explained that a complaint contains a plausible cause of action when the well-pleaded facts contained within permit the court to infer more than the mere possibility of the defendant's misconduct.  *Id.*

**B. Manufacturer's Liability under the Ohio Revised Code**

Ohio's Product Liability Act ("OPLA") applies to causes of action seeking recovery of damages based on a product liability claim.  The OPLA defines a product liability claim as: a claim or cause of action that is asserted pursuant to sections 2307.71 to 2307.80 of the Ohio Revised Code (O.R.C.) and that seeks to recover compensatory damages from a manufacturer for death, physical injury to person or property, or emotional distress that arose from the design, formulation, production, creation, assembly, rebuilding, testing, or marketing of the product; from any warning, instruction, lack of warning or instruction associated with that product, or from any failure of the product to conform to any relevant representation or warranty. Ohio Rev. Code Ann. §2307.1 a-c (West 2007).

Under O.R.C. §2307.73, a manufacturer can be subject to liability based on a products liability claim only if the claimant establishes that the manufacturer's product was defective

4

in manufacture or construction, as described in O.R.C. §2307.74, defective in design or formulation, as described in O.R.C. §2307.75, was defective due to inadequate warning or instruction, as described in O.R.C. §2307.76, or was defective because it did not conform to a representation made by the manufacturer, as described in O.R.C. §2307.77.  The claim must *also* show that the defective aspect of the manufacturer's product in question was a proximate cause of the harm for which the claimant seeks to recover *and* that the manufacturer actually designed, formulated, produced, constructed, created, assembled, or rebuilt the actual product that was the cause of the harm for which the claimant seeks to recover.

### 1. Plaintiff's Manufacturing Defect Claim O.R.C. §2307.74

Under O.R.C. §2307.74, a product is defective in manufacture if, when it left the control of the manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards.  A product may be defective in manufacture or construction even though its manufacturer exercised all possible care in its manufacture or construction.  To sufficiently state a claim under O.R.C. §2307.74, courts have, at minimum, required plaintiffs to allege four elements: that the defendant manufactured the product; that the plaintiff used the product; that the product failed during the plaintiff's use; and that the portion of the product that failed could be identified and is so identified in the complaint. *Barreca v AngioDynamics, Inc.*, No. 4:15CV11111, 2015 WL 5085260. at *3 (N.D. Ohio Aug 27, 2015).

Plaintiff alleges that Defendant manufactured the heater (Complaint, at ¶4), that Plaintiff (actually Hoskins,  the tenant of the subrogor, Kirby) was the owner and user of the

heater (Complaint, at ¶2 and ¶8), and that the product failed during Plaintiff's use (Complaint, at ¶5).  However, Plaintiff fails to identify which portion(s) of the product failed, instead simply alleging that "the heater failed as a result of defective and faulty components within the heater" (Complaint, at ¶5).  This allegation is exactly the type of threadbare recital of elements, supported by conclusory statements, that does not suffice to support a plausible complaint.  The Court finds that Plaintiff has failed to specify which part(s) of the heater failed or were defective and as such, has failed to state a claim that is plausible under the standard articulated in *Barreca.*

Plaintiff also tries to rely on the recall of the heater (Complaint, at ¶19), implying that the occurrence of the recall can support a plausible claim in lieu of supplying factual allegations sufficient to allow the court to infer Defendant's liability.  Plaintiff incorrectly relies on *Redinger v Stryker Corp*., No. 5:10 CV 104, 2010 WL 1995829, at *3 (N.D. Ohio May 19, 2010).  *Redinger* held that the failure of specific part of a device, in conjunction with a recall on the device, was sufficient to allow the court to infer that there was a defect in the plaintiff's device and that the defect was responsible for the plaintiff's injuries.  Here, Plaintiff incorrectly argues that the heater's recall obviated Plaintiff's burden of providing sufficient factual allegations (identifying the defective or failed part(s) of the heater) to permit the Court to infer Defendant's liability.

Plaintiff also alleges that "as a direct and proximate result of the failure, Plaintiff's property was severely damaged, requiring repair and/or maintenance in an amount of $90,000.00." (Complaint, at  ¶11).  Again, the Court finds that this is a threadbare recital of elements supported by conclusory statements.  Plaintiff does not allege how the heater failed,

6

nor how the heater's failure is related to the fire and damage to the property and as such, fails to state a claim that is plausible.

### 2. Plaintiff's Design Defect Claim O.R.C. §2307.75

Under O.R.C. §2307.74(A), a product is defective in design or formulation if, at the time the product left control of the manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation. Sections B-C set forth factors for determining the risks and benefits associated with any particular design. To sufficiently set forth a claim under O.R.C. §2307.74(A), courts have, at a minimum, required plaintiffs to plead four elements; that the defendant designed the product; that the plaintiff used the product; that the product failed during the plaintiff's use; and that the portion of the product that failed could be identified and is so identified in the complaint. *Barreca v AngioDynamics, Inc.*, No. 4:15CV11111, 2015 WL 5085260, at *3 (N.D. Ohio Aug 27, 2015).

Plaintiff successfully alleges that Defendant designed the product (Complaint, at ¶4), that Plaintiff (actually Hoskins,  the tenant of the subrogor, Kirby) was the owner and user of the heater (Complaint, at ¶2 and ¶8), that the product failed during Plaintiff's use (Complaint, at ¶5). However, as with the O.R.C. §2307.74 claim, Plaintiff fails to identify which portion(s) of the product failed, instead simply alleging that "the heater failed as a result of defective and faulty components within the heater." (Complaint, at ¶5). This allegation is again, exactly the type of threadbare recital of elements, supported by conclusory statements, that does not suffice to support a plausible complaint. The Court finds that Plaintiff has failed to specify which parts of the heater failed or were defective, and as such, has failed to state a

7

claim that is plausible under the standard articulated in *Barreca.*

### 3. Plaintiff's Inadequate Warning Claim O.R.C. §2307.76

Under O.R.C. §2307.76(A), a product can be defective due to lack of warning in two ways. §2307.76(A)(1) provides that a product is defective due to a failure to warn if both of the following apply: the manufacturer knew of, or in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the plaintiff seeks to recover compensatory damages, and the manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover and in light of the likely seriousness of that harm. §2307.76(A)(2) provides that a product can be defective due to inadequate post market warning if, at a relevant time after it left the control of the manufacturer, both of the following applied: the manufacturer knew of, or in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the plaintiff seeks to recover compensatory damages, and the manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

Plaintiff simply alleges that "the aforementioned "heater" was defective due to inadequate warning or instruction as described in §2307.76" (Complaint, at ¶17).  This is simply an unsupported legal conclusion, as Plaintiff fails to allege that Defendant knew, or should have known, before or after marketing, that there was a risk associated with the product (specifically a risk of fire, as Plaintiff alleges it suffered).  Similarly, Plaintiff fails to

include any factual allegations regarding what warnings were included by the manufacturer or how those warnings failed to measure up to the warnings a manufacturer exercising reasonable care would have provided.  The Court finds that Plaintiff has failed to provide factual allegations supporting either element of this claim, and as such, has failed to state a claim that is plausible under the standard articulated in *Barreca.*

### 4. Plaintiff's Nonconformance with Representations Claim O.R.C. §2307.76

Under O.R.C. §2307.77, a product can be defective if it did not conform, when it left the control of the manufacturer, to a representation made by that manufacturer.  A product may be defective because it did not conform to a representation even though its manufacturer did not act fraudulently, recklessly or negligently in making the representation.  Typically, a plaintiff seeking to recover under this statute must show the following four elements: that the manufacturer made a representation as to a material fact concerning the character or quality of the manufacturer's product; that the product did not conform to that representation; that the plaintiff justifiably relied on that representation; and that the plaintiff's reliance on the representation was the direct and proximate cause of the plaintiff's injuries.  *Barreca v AngioDynamics, Inc.,* No. 4:15CV11111, 2015. WL 5085260, at *4 (N.D. Ohio Aug 27, 2015), citing *Cervelli v. Thompson/Ctr. Arms,* 183 F. Supp. 2d 1032, 1045 (S.D. Ohio 2002).

Plaintiff has alleged only that the heater was defective in that it failed to conform to the representations and/or warranties that came with, or should have came with, the product. Plaintiff does not identify any representations made by the manufacturer, does not identify the manner in which the product fails to conform to the representations, does not identify the manner in which Plaintiff relied on the representations and does not identify the manner in

which Plaintiff's reliance on the representations was the direct and proximate cause of Plaintiff's injuries.  The Court finds that, as Plaintiff merely offers a threadbare recital of the elements of the cause of action, Plaintiff has failed to state a plausible claim for relief.

### 5. Defendant's Motion for a More Definite Statement

Fed. R. Civ. P Rule 12(e) provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague that the party cannot reasonably prepare a defense.  However, a Rule 12(e) motion "should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Tagare v NYNEX Network Sys. Co.,* 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996).  The Court finds that Plaintiff's Complaint is not so vague as to be unintelligible, nor would the Defendant be seriously prejudiced in trying to answer it, therefore it would be more appropriate to dismiss the Complaint with leave to amend, allowing Plaintiff a chance to support its claims with factual allegations.

### III. CONCLUSION

Therefore, for the foregoing reasons, the Court grants Defendant's Motion to Dismiss all four of Plaintiff's claims, as Plaintiff has simply provided legal conclusions couched as factual allegations and such conclusions are not sufficient to support plausible claims for relief.  Plaintiff's Complaint is dismissed, without prejudice.  In keeping with the dismissal of the Complaint, there is no need to grant Defendant's Motion for a More Definite Statement, as Plaintiff's refiled Complaint will presumably provide additional factual allegations such that Defendant will be put on notice as to what exactly Plaintiff is claiming.

**IT IS SO ORDERED.**

<u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  June 1, 2016**

11